IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BESSY TALAVERA-LEMUS,

Petitioner,

v.

MARKWAYNE MULLIN, in his official Capacity as Secretary of the Department Of Homeland Security; TODD BLANCHE, In his official capacity as United States Attorney General; SIRCE E. OWEN, in her official capacity as Acting Director of Executive Office for Immigration Review; DAVID VENTRUELLA, in his official Capacity as Acting ICE Director; ROBERT SORENSON, in his official Capacity as Cass County Sheriff; and ALLEN GILL, in his official capacity as Omaha Field Office ERO Director,[1]

Respondents.

**8:26CV462**

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Bessy Talavera-Lemus's ("Talavera-Lemus") Petition for Writ of Habeas (Filing No. 1) and Motion for Order to Show Cause (Filing No. 2). *See* 28 U.S.C. §§ 2241, 2243. Talavera-Lemus "is a 26-year-old, native and citizen of Honduras who has resided in the United States since April 15, 2021." She is now married to "a United States Citizen who has filed an I-130 petition for her." She lives in Iowa with her husband and her child.

She was arrested by the United States Immigrations and Customs Enforcement ("ICE") "on July 1, 2026 after the conclusion of" her "criminal proceedings" for domestic-

[1]Sirce E. Owen is now the Acting Director of the Executive Office for Immigration Review. The Clerk of Court is directed to substitute her for former Director Daren Margolin on the docket sheet. *See* Fed. R. Civ. P. 25(d).

abuse assault. Those criminal charges were dismissed. She is currently being detained at "the Cass County Jail in Plattsmouth, Nebraska."

After her ICE arrest, Talavera-Lemus requested and received a bond hearing. According to Talavera-Lemus, despite her argument that she was eligible for a bond "under Section 236(a) of the Immigration and Nationality Act" because she was paroled into the United States, her immigration judge ("IJ") "determined he did not have jurisdiction to consider [her] for a bond given [her] manner of entry." *See Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

Talavera-Lemus contends her ongoing detention violates 8 U.S.C. § 1226(a) and its associated regulations and her right to due process under the Fifth Amendment to the United States Constitution. *See* U.S. Const. amend. V; *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953). She asks the Court to order her immediate release or a bond hearing within seven days. Her arguments are unavailing.

To start, the Court is not convinced by Talavera-Lemus's cursory attempt to distinguish the Eighth Circuit's binding determination in *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026), that applicants for admission who are already present in the United States are subject to mandatory detention under § 1225(b)(2). Talavera-Lemus acknowledges that holding but contends the Eighth Circuit "only addressed the statutory issue and did not prevent other noncitizens from seeking habeas relief on other grounds, such as those originally released on conditional parole when first encountered by ICE." In support, she cites several of district-court decisions she says "have continued to grant habeas relief" despite the holding in *Avila*. *See, e.g.*, *Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-cv-131, 2026 WL 926725 at *1 (D. Neb. Apr. 6, 2026) (distinguishing *Avila* because "the government decided to release [the petitioner] on conditional parole" under § 1226(a)(2)(B)).

But the scant reasoning in those cases is unpersuasive. *See*, *e.g.*, *Mamatkasym Uulu v. Mullins*, No. 4:26CV3142, 2026 WL 1463690, at *9 (D. Neb. May 26, 2026) (rejecting the argument "that once an alien is paroled, the alien's detention and removal are subject to § 1226 not § 1225"). The Court does not read *Avila* as turning on the type of distinction Talavera-Lemus raises, and she points to nothing in that case's thorough reasoning that lends credence to giving such import to her release on parole. 170 F.4th at 1133-35, 1138. To the contrary, as a parolee, Talavera-Lemus is not "considered to have been admitted" and is therefore an applicant for admission subject to mandatory detention under § 1225(b)(2)—just like the petitioner in *Avila*. 8 U.S.C. § 1101(a)(13)(B); *see also* 8 U.S.C. § 1182(d)(5); *Avila*, 170 F.4th at 1133-35. Talavera-Lemus's claims based on purported violations of § 1226(a) are without merit.

Turning to Talavera-Lemus's procedural- and substantive-due-process claims, the Court again finds no grounds for relief at this time. For one thing, Talavera-Lemus relies on the balancing test outlined in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). But this Court has previously concluded that *Mathews* balancing does not apply to immigration-detention challenges like this one. *See*, *e.g.*, *Mendez Leiva v. Berg*, No. 4:26CV3023, 2026 WL 948430, at *4 (D. Neb. Apr. 8, 2026) (citing *Demore v. Kim*, 538 U.S. 510, 521-31 (2003); *Reno v. Flores*, 507 U.S. 292, 299-315 (1993); *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024)). To this point, Talavera-Remus has received the process she is due.

Having carefully applied the proper framework to the circumstances of Talavera-Lemus's case, the Court concludes she has not shown a substantive-due-process violation. *See*, *e.g.*, *Dep't of State v. Munoz*, 602 U.S. 899, 910 (2024); *Reno*, 507 U.S. at 302; *Romero v. Brown*, No. 1:26-CV-00007-SMR-SBJ, 2026 WL 1021455, at *6-7 (S.D. Iowa Apr. 15, 2026); *Maan v. Easterwood*, No. 4:26CV3027, 2026 WL 1006255, at *2 (D. Neb. Apr. 14, 2026); *Mendez Leiva*, 2026 WL 948430, at *5-6. Given the facts she has presented, the Court does not agree with her broad assertion based on *Zadvydas*, 533 U.S. at 690, that the "government is not taking any steps to effectuate its substantive obligation

to ensure that immigration detention bears a 'reasonable relation' to the purposes of immigration detention and is not impermissibly punitive."

For the foregoing reasons,

IT IS ORDERED:

1. Petitioner Bessy Talavera-Lemus's Petition for Writ of Habeas Corpus (Filing No. 1) and Motion for Order to Show Cause (Filing No. 2) are denied.
2. This case is dismissed.
3. A separate judgment will issue.

Dated this 11th day of September 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge